IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, *et al.*, | : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil No. 5:22-cv-02600-JMG |
| ACER AMERICA CORPORATION, *et al.*, | : : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                                June 14, 2023

**I.   OVERVIEW**

Defendant, Acer, Inc., files the instant Motion to Dismiss Plaintiffs' Complaint Due to Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) [ECF Nos. 62, 63], after having previously filed a Motion to Dismiss Due to Insufficient Service of Process Pursuant to Rule 12(b)(5) [ECF No. 47] roughly one month prior. Because a party that makes an initial motion to dismiss pursuant to Rule 12 waives the right to bring any other Rule 12(b)(2)-(5) objections in a subsequent motion that were not raised in the initial motion, Defendant's Second Motion to Dismiss raising objections to personal jurisdiction for the first time [ECF Nos. 62, 62] must be **DENIED**.

**II.   BACKGROUND**

Plaintiffs, Catholic Mutual Relief Society of America, the Diocese of Allentown, and the Sacred Heart of Jesus Charitable Trust ("Plaintiffs"), filed the instant action in state court on June 9, 2022 after a June 10, 2020 fire destroyed Plaintiffs' real property ("Subject Property"). *See* Complaint [ECF No. 1]. Plaintiffs allege the fire was caused by a defective laptop that was

manufactured, distributed, and sold by Defendants. *Id.* at ¶¶ 20-21. Plaintiffs seek damages in excess of $3,763,307.09. *Id.* at ¶ 23.

The Defendants include Gateway, Inc. ("Gateway"), a California corporation, Acer America Corporation ("Acer America"), a California corporation, and Acer, Inc. ("Acer Taiwan"), a foreign corporation organized and existing under the laws of Taiwan. *Id.* at ¶ 6.

Acer America and Gateway filed Answers to the Complaint on July 12, 2022. *See* Acer America and Gateway's Answers and Affirmative Defenses to Plaintiffs' Complaint [ECF No. 6]. Acer Taiwan filed a Motion to Dismiss for Insufficient Service of Process Pursuant to Rule 12(b)(5) on January 20, 2023 (hereinafter "First Motion to Dismiss" or "First MTD"). [ECF No. 47]. Plaintiffs filed a Response in Opposition on February 3, 2023. [ECF No. 49]. Acer Taiwan filed a Reply Brief in Further Support of its Motion to Dismiss on February 9, 2023. [ECF No. 57]. Plaintiffs filed a Sur-Reply in Opposition on February 20, 2023 [ECF No. 60].

Thereafter, Plaintiffs filed an affidavit of service upon Acer Taiwan in accordance with Federal Rule of Civil Procedure 4(f)(2)(c)(ii) on February 23, 2023. [ECF No. 61]. Acer Taiwan accepted service, rendering Acer Taiwan's First Motion to Dismiss [ECF No. 47] moot. *See* Defendant Acer Inc.'s Motion to Dismiss Plaintiffs' Complaint Due to Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) at ¶¶ 3-4. [ECF No. 62]; Court's March 16, 2023 Order [ECF No. 66].

However, after accepting service, Acer Taiwan filed another Motion to Dismiss [ECF Nos. 62, 63], this time pursuant to Rule 12(b)(2) for lack of personal jurisdiction, on February 28, 2023 (hereinafter "Second Motion to Dismiss" or "Second MTD"). The parties submitted extensive back-and-forth briefing on the Second Motion to Dismiss [ECF Nos. 62, 63]. Plaintiffs filed a

2

Response in Opposition on March 14, 2023 [ECF No. 64]. Acer Taiwan filed a Reply Brief on March 21, 2023 [ECF No. 68-1]. Plaintiffs filed a Sur Reply on March 28, 2023 [ECF No. 73]. Acer Taiwan filed a Sur-Sur Reply on April 5, 2023 [ECF No. 74]. The Motion is now ripe for adjudication.

### III. LEGAL STANDARD

Where a defendant brings a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Turner v. Prince George's Cty. Pub. Sch.*, 694 Fed. Appx. 64, 66 (3d Cir. 2017) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

In evaluating a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, "the Court takes the allegations of the complaint as true." *Metro Container Grp. v. AC&T Co.*, No. 18-3623, 2021 U.S. Dist. LEXIS 234447 at *65 (E.D. Pa. Dec. 6, 2021). "However, once a jurisdictional defense is raised, the plaintiff bears the burden of proving, through affidavits or competent evidence, contacts with the forum state sufficient to establish personal jurisdiction." *Id.* A plaintiff must establish a defendant's contacts with the forum state "with reasonable particularity." *Id.* District courts "should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d. Cir. 2009); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, [] courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'") (quoting *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107

3

F.3d 1026, 1042 (3d Cir. 1997)). Furthermore, "jurisdictional discovery is particularly appropriate where the defendant is a corporation." *Metcalfe*, 566 F.3d at 336.

## IV. ANALYSIS
### a. Acer, Inc. ("Acer Taiwan") Waived its Right to Object to Personal Jurisdiction

Before this Court can analyze Acer Taiwan's alleged contacts with the forum, the Court must address Plaintiffs' claim that Acer Taiwan waived its right to object to personal jurisdiction. Plaintiffs argue Acer Taiwan waived its right to object to personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) by failing to include this objection in its First Motion to Dismiss [ECF No. 47] for insufficient service of process pursuant to Rule 12(b)(5), filed on January 20, 2023. *See* Plaintiffs' Response at pg. 3 of 16 [ECF No. 64-1]. Indeed, as Plaintiff argues, a party that makes an initial motion pursuant to Rule 12 waives the right to bring any Rule 12(b)(2)-(5) objections in a subsequent motion that were not raised in the initial motion, provided the objection "was available to the party" at the time the initial Rule 12 motion was made. Fed. R. Civ. P. 12(h)(1)(A).

In response, Acer Taiwan argues (1) a challenge of personal jurisdiction pursuant to Rule 12(b)(2) was unavailable at the time it filed the First MTD; and (2) because the Second Motion to Dismiss for Insufficient Service of Process [ECF Nos. 62, 63] was filed before the Court ruled on the First MTD, "it effectively serves as an amendment of the first motion." *See* Acer, Inc.'s Sur-Sur-Reply at pgs. 2-3 [ECF No. 74]. As to (1), Acer Taiwan argues a Rule 12(b)(2) challenge to personal jurisdiction was unavailable at the time it filed the First Motion to Dismiss for insufficient service of process because Acer Taiwan's First MTD challenged "Plaintiffs' then-theory of service" which "rested on the wrongful belief that Acer Taiwan could be legally bound through its subsidiary, Acer America." Reply at pg. 11 of 12 [ECF No. 68-1]. This theory of service, Acer

4

Taiwan argues, rests on an argument that "Acer America and Acer Taiwan's business operations were so interconnected that service upon one affected service upon the other." Sur-Sur-Reply at pg. 2 [ECF No. 74]. If Plaintiffs prevailed on this theory of service, Acer Taiwan argues, "the issue of personal jurisdiction" would have been a "foregone conclusion." *Id.* Accordingly, Acer Taiwan argues the issue of personal jurisdiction "was not properly before this Court when the first motion to dismiss was filed." *Id.* at pg. 3.

It is well-established that when a party fails to raise an objection to personal jurisdiction in an initial Rule 12 motion, the objection is waived. *See Burnside v. Peterbilt Motors Co.*, No. 3:17-cv-2121, 2019 U.S. Dist. LEXIS 54496 at *8 (M.D. Pa. Mar. 29, 2019) ("Rule 12(h)(1)(A) further explains the consequences for failing to raise a personal jurisdiction defense in the first Rule 12 motion: the party waives the defense."); *Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Under Fed.R.Civ. P. 12(h)(1), a party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections that motion.").

The purpose of Rule 12, as articulated by the Third Circuit, "is to afford an easy method for the presentation of defenses but at the same time prevent their use for purposes of delay." *Myers v. American Dental Asso.*, 695 F.2d 716, 720 (3d Cir. 1982) (quoting 2A J. Lucas & J. Moore, Moore's Federal Practice para. 12.02, at 2225 (2d ed. 1982)). Accordingly, "if a party files a pre-answer motion but fails to raise" the "defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process…the party waives the omitted defense and cannot subsequently raise it in his answer or otherwise." *Id.* Failure to raise any of these defenses in a party's pre-answer motion is "a fundamental and ***incurable*** matter." *Id.* at 721 (emphasis added). In *Myers*, the Third Circuit held a defendant waived the defense of lack of

5

personal jurisdiction where the defendant first filed a motion to dismiss "solely on the basis that venue was improper" and later raised the defense of lack of personal jurisdiction "only after the district court had ruled on the defendant's motion to dismiss." *Myers*, 695 F.2d at 721.

In assessing whether a party waives a Rule 12 defense such as lack of personal jurisdiction, courts must balance the concern of placing "parties in a procedural strait jacket by requiring them to possibly forego valid defenses by hurried and immature pleading" with the "strong policy to conserve judicial time and effort" and requirement that "preliminary matters such as defective service, personal jurisdiction and venue" be "raised and disposed of before the court considers the merits of quasi-merits of a controversy." *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.*, 376 F.2d 543, 547 (3d Cir. 1967).

Acer Taiwan's reliance on *McCurdy* is misplaced. In *McCurdy*, the plaintiff brought antitrust and unfair competition claims against the defendant pursuant to the Clayton Act, 15 U.S.C. § 15 (1994), the Sherman Act, 15 U.S.C. §§ 1-2 (1994), and Hawaii state law. *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 192 (3d Cir. 1998). The defendant was first served on October 28, 1996, which was "20 days after the expiration of the original 120-day period provided for under Fed. R. Civ. P. 4(m)." *Id.* The defendant filed a Rule 12 Motion on January 17, 1997 alleging lack of personal jurisdiction and improper venue. *Id.* at 193. The defendant did not, however, allege service was defective. *Id.* Before the court ruled on the pending Rule 12 Motion, the plaintiff, anticipating the court would grant the defendant's motion for lack of personal jurisdiction, "sought to moot the issue of personal jurisdiction under the state long-arm statute" by re-serving the defendant "under the Clayton Act." *Id.* After the plaintiff re-served the defendant on February 7, 1997 under the Clayton Act, the defendant filed a motion to quash the service on February 7, 1997 as untimely. *Id.*

The court held the defendant's motion to quash the second service attempt "was not waived by its failure to include the objection" in the first motion to dismiss, because at that time "the second service had not yet been attempted." *Id.* at 196 n.1. "Thus," the court held, "the objection was not available as of the time the motion was filed." *Id.*

Put simply, the Third Circuit in *McCurdy* held the defendant couldn't have waived a defense to a service attempt that hadn't been made yet. This holding is not useful to Acer Taiwan's argument.

Acer Taiwan argues that, as in *McCurdy*, its Rule 12 defense was not available at the time Acer Taiwan filed the First Motion to Dismiss because it was Acer America, not Acer Taiwan, upon which service was made, and the Court already had jurisdiction over Acer America. Reply at pg. 11 of 12 [ECF No. 68-1]. However, as the entire existence of the First MTD evidences, Plaintiffs' attempted service on Acer America – a subsidiary of Acer Taiwan – was an attempt to serve Acer Taiwan itself under the theory that Acer Taiwan exerted sufficient control over and was sufficiently interconnected with its subsidiary such that it could be served via Acer America, effectively making Acer American an agent of service for Acer Taiwan. *See generally* First MTD [ECF No. 47]; Plaintiffs' Response in Opposition to First MTD [ECF No. 49]. Acer Taiwan does not identify any case law supporting the argument that the issue of personal jurisdiction is not ripe for adjudication when a defendant makes a Rule 12(b)(5) Motion to dismiss for improper service of process. That the Third Circuit held in *McCurdy* a defendant's motion to dismiss did not waive an objection to a service attempt that had not even been made at the time the motion was filed is irrelevant to the instant issue. Acer Taiwan does not argue there have been any similar factual developments or changes affecting the issue of personal jurisdiction subsequent to the filing of the First Motion to Dismiss.

7

Acer Taiwan also appears to argue its failure to raise an objection to personal jurisdiction in the First Motion to Dismiss should be excused because the Plaintiff's theory of service, that "Acer America and Acer Taiwan's business operations were so interconnected that service upon one affected service upon the other" essentially encompassed the issue of personal jurisdiction as well. Sur-Sur-Reply at pg. 2 [ECF No. 74]. The defenses against service of process and personal jurisdiction "though related, involve distinct concepts." *King v. Taylor*, 694 F.3d 650, 658 (6th Cir. 2012) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). "That is why raising a challenge to one will not automatically raise (or preserve) a challenge to the other." *Id.* (citing *Santos v. State Farm Fire & Casualty Co.*, 902 F.2d 1092, 1095 (2d Cir. 1990)). This is because "service of process is simply the means by which a defendant receives notice of an action and is formally brought within a court's jurisdiction, whereas personal jurisdiction concerns the fairness of requiring a defendant to appear and defend in a distant forum." *Id.* This distinction is illustrated by the different legal issues raised by the two Motions to Dismiss. The First Motion to Dismiss involved questions of California law concerning service, whereas the Second Motion to Dismiss involves federal law issues of personal jurisdiction, primarily specific jurisdiction, under alter-ego and stream of commerce theories. Moreover, Acer Taiwan presents no reason why it could not have argued in the First Motion to Dismiss both that service was improper, and that even if service was effected properly via letters rogatory or other means, Acer Taiwan was not subject to this Court's personal jurisdiction.

Acer Taiwan presents intriguing, nuanced, and clever arguments against waiver. However, the law is clear: A party who makes a pre-answer Rule 12 motion must "raise the specific defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process" in that first motion or the defenses are deemed waived. *Myers*, 695 F.2d at 720.

This requirement is "stringent." *Id.* at 721. Failure to raise one of these defenses is "a fundamental and incurable matter." *Id.* (quoting *Pila v. G.R. Leasing & Rental Corp.*, 551 F.2d 941, 943 (1st Cir. 1977)). As such, courts in this circuit routinely hold that defendants waive personal jurisdiction defenses by filing an initial Rule 12 motion and failing to raise the defense. *See Duchesneau v. Cornell Univ.*, No. 08-4856, 2009 U.S. Dist. LEXIS 19125 at *22 (E.D. Pa. Feb. 26, 2009) (by "mov[ing] for dismissal solely due to improper venue," defendant "waived any challenge to personal jurisdiction."); *Oran v. Fair Wind Sailing, Inc.*, No. 08-0034, 2009 U.S. Dist. LEXIS 93841 at *8-9 (D. V.I. Oct. 5, 2009) (holding defendants' "first motion to dismiss evinces no defense apart from that of insufficient service of process, and resulting in Moving Defendants' waiver of any putative personal jurisdiction defense."); *Corestates Leasing, Inc. v. Wright-Way Express, Inc.*, 190 F.R.D. 356, 358 (E.D. Pa. 2000) (holding defendant waived objection to personal jurisdiction)

That Acer Taiwan filed the Second Motion to Dismiss before this Court issued a ruling on the First Motion to Dismiss does not alter this analysis. Acer Taiwan argues that since it filed the Second Motion to Dismiss before the Court ruled on the First Motion to Dismiss, the Second Motion to Dismiss effectively acts as an amended version of the First Motion to Dismiss, and therefore the Court may consider its personal jurisdiction defense. Acer Taiwan cites a lone case from the Northern District of Illinois, *Roller Derby Associates v. Seltzer*, 54 F.R.D. 556 (N.D. Ill. 1972), in support of this argument.

Unfortunate as the consequences of waiver may be to Acer Taiwan, the Court is not compelled to ignore the clear, stringent requirement of Rule 12(h), which deems Rule 12(b)(2)-(5) objections such as personal jurisdiction waived if not made in the party's initial Rule 12 motion. Fed. R. Civ. P. 12(h)(1)(A). Rule 12 does not contain language permitting a court to ignore this

9

consequence if a party raises a defense in a successive motion filed before the court rules on the first Rule 12 motion. As even the *Roller Derby* court notes, Rule 12 "forbids successive motions." *Roller Derby*, 54 F.R.D. at 557.

Moreover, this same argument was squarely rejected by the court in *Consolidated Rail Corp. v. Grand T.W.R. Co.*, 592 F. Supp. 562, 567 (E.D. Pa. 1984). There, the defendant filed a motion to dismiss and did not raise a personal jurisdiction defense. *Id.* at 566. Just over a month later, and after the plaintiff filed a response in opposition, the defendant filed a second motion to dismiss, this time raising the personal jurisdiction defense. *Id.* The defendant argued the second motion to dismiss should be treated as an amendment of the first. *Id.* at 567. The Court considered the *Roller Derby* decision, but held accepting this "assertion that the second motion should be considered an amendment of the first[] would run counter to the purpose behind Rule 12(h). This stringent waiver provision 'reflects a strong policy against tardily raising defenses that go not to the merits of the case but to the legal adequacy of the initial steps taken by the plaintiff in his litigation.'" *Id.* (quoting *Myers*, 695 F.2d at 721). Quoting the advisory committee note, the court further held "A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver reinforces the policy of subdivision (g) forbidding successive motions." *Id.* (quoting Fed. R. Civ. P. 12(h) advisory committee note).

Other courts have similarly declined to allow such an exception to Rule 12(h). *See Thomas v. Spaulding*, No. 1:19-cv-11982, 2021 U.S. Dist. LEXIS 64029 at *21-22 (D. Mass. Mar. 3, 2021) (holding defendants waived personal jurisdiction defense after failing to raise defense until second Rule 12 motion, declining to take approach of "some courts" that "have held that a preliminary motion may be amended or a second motion filed prior to hearing to include a defense or objection

10

inadvertently omitted by the movant, thereby avoiding the waiver consequences that would otherwise apply.") (internal quotations and citations omitted); *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 910-11 (5th Cir. 1993) (rejecting argument by defendants who failed to raise objections to venue in their initial motions to dismiss that subsequent motions filed 20 days later raising the venue objections "may be construed as a timely amendment of their first" motions, holding the parties had waived the defense and the "second motion cannot be considered an amendment of the first.").

Some courts, however, have followed *Roller Derby* to create this exception to Rule 12(h) where a successive Rule 12 motion is filed shortly after the first. *See Seal v. Riverside Fed. Sav. Bank*, 825 F. Supp. 686, 692 n.10 (E.D. Pa. 1993) (declining to find waiver under Rule 12(h) where defendants first raised defense of untimely service in second Rule 12 motion filed less than a month after first Rule 12 motion, holding defendants "raised the new ground for dismissal in due time for the court to consider both motions simultaneously, and [plaintiff] has had adequate opportunity to respond to the new ground, there is no concern of piecemeal motions practice, and no rights of plaintiff are threatened."); *Guccione v. Flynt*, 617 F. Supp. 917, 918-19 (S.D.N.Y. 1985) (declining to enforce waiver provisions of Rule 12 where plaintiff first filed motion to dismiss challenging sufficiency of service of process, then filed second motion to dismiss challenging personal jurisdiction roughly one month later and before the court ruled on the first motion to dismiss).

This Court is persuaded by the *Consolidated Rail Corp.* line of cases that enforce the plain language of Rule 12(h) regarding waiver, barring parties from raising a defense to personal jurisdiction for the first time in a second motion to dismiss. Though such a finding may seem harsh, "this Court has no authority to create equitable exceptions" to Rule 12(h)'s waiver rule. *Claycomb v. Playtext Prods.*, No. 06-120, 2008 U.S. Dist. LEXIS 49102 at *6 (D. Del. June 27, 2008).

Additional considerations support a finding of waiver. A "defendant may waive her defense if the district court, after considering all of the relevant circumstances…determines that the defendant's litigation conduct gave the plaintiff a reasonable expectation that the defendant intended to defend the suit on the merits or the conduct caused the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Blessing v. Chandrasekhar*, 988 F.3d 889, 899 (6th Cir. 2021) (quoting *King*, 694 F.3d at 659) (internal quotations omitted). Here, Acer Taiwan's First Motion to Dismiss gave Plaintiffs a reasonable expectation that Acer Taiwan intended to defend the suit on the merits after the service of process issue was resolved. A footnote on the first page of the First Motion to Dismiss states:

> Acer Taiwan's appearance in this matter is solely for the purpose of the instant Motion to Dismiss pursuant to Rule 12(b)(5). Further, the factual allegations of the Complaint are accepted as true for the purposes of this Motion. ***Acer Taiwan disputes the accuracy of the factual allegations of the Compliant, and should the Court deny this Motion, will challenge them at the appropriate procedural state***.

*See* First MTD at pg. 1 of 4 [ECF No. 47] (emphasis added). By filing a Rule 12 Motion bringing only a Rule 12(b)(5) objection for insufficient service of process and no other Rule 12(b)(2)-(5) objections, including personal jurisdiction, and stating its intent to challenge the accuracy of the factual allegations of the Complaint should the court deny its Moton, the Court finds Acer Taiwan created a reasonable expectation it would defend the suit on the merits after the service of process issue was resolved.

Accordingly, the Court finds that by failing to raise a personal jurisdiction objection in its First Motion to Dismiss filed on January 20, 2023, Acer Taiwan waived its right to subsequently challenge personal jurisdiction in its Second Motion to Dismiss filed on February 28, 2023.

## V. **CONCLUSION**

For the foregoing reasons, Defendant Acer, Inc.'s Motion to Dismiss [ECF Nos. 62, 63] is **DENIED**. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge